THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAKE HAWLEY, and ) | |
| MOTEGA HOLDINGS, INC. d/b/a ) | |
| MOTEGA HEALTH ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-02562-TC-TJJ |
| ) | |
| MELICENT BOYSEN, ) | |
| INITIATIVES WORLDWIDE, LLC, ) | |
| JEFF SHEAR, AL KERSHMAN and ) | |
| SHEAR KERSHMAN LABORATORIES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is before the Court on Defendants Jeff Shear, Al Kershman, and Shear Kershman Laboratories, Inc.'s Motion for Additional Time to Respond to Plaintiffs' Complaint (ECF No. 16). This is Defendants' second motion for extension of time from the Court, following a Clerk's extension of time. The Court granted the first extension to give the parties time to mediate. This second request is made to avoid wasting resources in the event the District Court grants Defendants' Motion to Compel Arbitration (ECF No. 17), filed one day after the instant motion.

Plaintiffs oppose Defendants' request. They argue that Defendants have had more than adequate time to review Plaintiffs' Complaint and formulate a response—particularly because Defendants agreed to waive service (an extra 39 days), received a Clerk's extension (an extra 14 days), and previously received additional time by Court order (an extra 38 days). Plaintiffs also argue that allowing Defendants to further delay answering will not ultimately save Defendants

any resources because they will need to answer in some form, regardless of whether the case proceeds in federal court or in arbitration. Finally, Plaintiffs note that they continue to be damaged as each day passes.

Having fully considered Plaintiffs' objections, the Court determines that allowing Defendants to wait until after resolution of the Motion to Compel Arbitration to answer Plaintiffs' complaint is in the interest of justice and best furthers the goals of Rule 1. It is misleading to "count" the prior extensions against Defendants, as they were independently justified. And Defendants may not need to expend the same resources responding to Plaintiffs' complaint in arbitration. Moreover, the Court has reviewed the briefing on the Motion to Compel Arbitration and understands that Plaintiffs argue the arbitration agreement does not apply because they have not alleged that these Defendants breached the Joint Venture Agreement (which contains the agreement to arbitrate). This issue is for the District Court to decide. But based on the strong federal policy in favor of arbitration and the Rule 1 mandate to resolve cases in a just, speedy, and inexpensive manner, the Court determines that Defendants' motion should be granted.

Defendants Jeff Shear, Al Kershman and Shear Kershman Laboratories, Inc. are granted until 7 days after the District Court rules on their Motion to Compel Arbitration (ECF No. 17)—if the parties are not ordered to arbitrate—to answer or otherwise respond to Plaintiffs' Complaint.

IT IS SO ORDERED.

Dated this 15th day of April, 2021.

_____
Teresa J. James
U.S. Magistrate Judge